# In the United States Court of Federal Claims

No. 26-774
(Filed: June 3, 2026)
(NOT FOR PUBLICATION)

```
* * * * * * * * * * * * * * * * * *
                                  *
                                  *
TONY LAMAR CARD,                  *
                                  *
                Plaintiff,        *
                                  *
       v.                         *
                                  *
THE UNITED STATES,                *
                                  *
                Defendant.        *
                                  *
* * * * * * * * * * * * * * * * * *
```

### MEMORANDUM OPINION AND ORDER

**SOMERS**, Judge.

*Pro se* Plaintiff, Tony Lamar Card, filed a complaint in this Court on May 26, 2026, vaguely alleging that state law enforcement and judicial officials unlawfully evicted him from his home and stole his personal property. ECF No. 1 at 2. As explained below, the Court lacks subject matter jurisdiction over Plaintiff's claims; therefore, it must dismiss Plaintiff's complaint under Rule 12(h)(3) of the Rules of the U.S. Court of Federal Claims ("RCFC").

### BACKGROUND

On May 26, 2026, Plaintiff, proceeding *pro se*, filed a complaint and an application to proceed *in forma pauperis* in this Court. ECF Nos. 1, 2. In his complaint, Plaintiff alleges that "[t]here has been a falsified document created that has a judge[']s name[,] but not signed by a judge, stealing my home." ECF No. 1 at 2. Plaintiff further alleges that "[t]wo armed men threaten[ed] to shoot me if I go home," and that these men stole Plaintiff's belongings. *Id.* Plaintiff asserts that he has tried to contact "the judge listed on [the] falsified document the claim is about, sheriff, court clerk, and prosecuting attorney," but that these individuals "all refuse to respond." *Id.* at 1.

In support of his claims, Plaintiff attaches a self-authored "Notice of Lien Against Pierce County Superior Court," which, as far as the Court can discern, details Plaintiff's legal theory of his case; copies of the documents posted on his front door, including notices of eviction and trespass; invoices documenting delivery of mail to various recipients; a "declaration of

forfeiture"; and a certification that Plaintiff's "Notice of Lien" was notarized.  *See generally* ECF No. 1-2.  As relief, Plaintiff seeks the "arrests of all found guilty," as well as $500,000,000,000.00 in "restitution" for "everything being stolen," "the stress of losing everything [he] own[s]," and "the stress of hiding from the sheriff[']s department."  ECF No. 1 at 3; ECF No. 1-1 at 1 (listing the "Amount Claimed").

**DISCUSSION**

**A.    Legal Standard**

The Court has an obligation to ensure that it has jurisdiction over all claims before it and must dismiss claims that fall outside its jurisdiction either through a party's motion or *sua sponte*.  RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see, e.g.*, *St. Bernard Par. Gov't v. United States*, 916 F.3d 987, 992–93 (Fed. Cir. 2019) ("It is well settled that . . . the court must address jurisdictional issues, even *sua sponte*, whenever those issues come to the court's attention, whether raised by a party or not, and even if the parties affirmatively urge the court to exercise jurisdiction over the case."  (citing *Foster v. Chatman*, 578 U.S. 488, 496 (2016))); *Arctic Corner, Inc. v. United States*, 845 F.2d 999, 1000 (Fed. Cir. 1988) ("A court may and should raise the question of its jurisdiction *sua sponte* at any time it appears in doubt.").

This Court, like all federal courts, is one of limited jurisdiction.  Under the Tucker Act's jurisdictional grant, the Court of Federal Claims may only "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1).  However, the Tucker Act "does not, of itself, create a substantive right enforceable against the United States."  *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (citing *Ferreiro v. United States*, 501 F.3d 1349, 1351 (Fed. Cir. 2007)).  Rather, to state a claim within this Court's jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages"—one that is "money-mandating."  *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc)*.

Accordingly, a plaintiff must plausibly allege jurisdictional facts to show that his or her claim falls within the Court's Tucker Act jurisdiction.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that a plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).  Although the "court accepts all well-pled facts as true and draws all reasonable inferences in plaintiff's favor," *Silver Buckle Mines, Inc. v. United States*, 117 Fed. Cl. 786, 791 (2014), this tenet "is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 555).  In other words, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations."  *Iqbal*, 556 U.S at 664.

Importantly, the *Twombly/Iqbal* standard applies to *pro se* litigants.  *See, e.g.*, *Steffen v. United States*, 995 F.3d 1377, 1380 (Fed. Cir. 2021) ("Courts may scour pro se pleadings in

2

search for a legal argument, but they cannot excuse a litigant's failure to bring a claim entitled to legal remedy."); *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1359 n.2 (Fed. Cir. 2007) (Dyk, J., concurring in part) ("[A] pro se litigant cannot rely on conclusory allegations."). Thus, although a *pro se* plaintiff's pleadings are held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a *pro se* plaintiff still "bears the burden of showing jurisdiction by a preponderance of the evidence," *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002) (citing *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942)). Stated differently, "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007) (citing *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

**B.    Analysis**

Plaintiff's complaint fails to establish subject matter jurisdiction and must be dismissed under RCFC 12(h)(3). From what the Court can surmise, Plaintiff alleges, albeit vaguely, that state law enforcement and judicial officials unlawfully evicted him from his home and stole his property. *See* ECF No. 1 at 1–2. As an initial matter, all claims against an individual, even against an individual acting in his official capacity as a federal government official, are beyond the scope of this Court's jurisdiction. *See Gulley v. United States*, 150 Fed. Cl. 405, 412–13 (2020) ("Claims against individuals—even in their official capacity as government officials—fall outside of this Court's jurisdiction, as this Court only possesses jurisdiction to decide suits against the United States." (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941))). As such, the Court must dismiss Plaintiff's claims against "the judge . . . , sheriff, court clerk, and prosecuting attorney." *See* ECF No. 1 at 1.

This leaves the Court to consider any remaining claims against the United States, over which Plaintiff likewise fails to establish subject matter jurisdiction. The closest Plaintiff comes to attempting to allege a claim against a federal entity is his assertion that he previously "tried to file a claim with [t]he United States District Court [sic] Western District of Washington" but that "they refuse[d] to respond." *Id.* That alleged lack of response, however, is explained by the "vexatious litigant bar order" entered against Plaintiff by the United States District Court of the Western District of Washington on June 5, 2025. *See Card v. Brown*, No. 25-CV-5213-DGE (W.D. Wash. June 5, 2025), ECF No. 11; *see also Card v. Brown*, No. 3:25-CV-05218-TMC, 2025 WL 1384810, at *1 (W.D. Wash. May 13, 2025) (finding that Plaintiff "has filed at least 22 cases in this District since August 2023," twenty-one of which "have already been dismissed as duplicative, frivolous, or otherwise without merit"). In any event, Plaintiff's claim against the district court would not support jurisdiction in this Court. *Portnov v. United States*, No. 17-672C, 2017 WL 2295001, at *3 (Fed. Cl. May 25, 2017), *aff'd*, 739 F. App'x 613 (Fed. Cir. 2017) (construing claims against the "federal judiciary" as against "individual federal judicial officers" which falls outside of this Court's jurisdiction).

At bottom, Plaintiff seeks the "arrests of all found guilty," ECF No. 1 at 3, and monetary relief totaling $500,000,000,000.00, ECF No. 1-1 at 1. This Court lacks jurisdiction to order arrests or otherwise grant criminal relief. *See Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) (holding that the Court "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code"). Moreover, Plaintiff identifies no money-mandating constitutional

provision, statute, regulation, or other source of law entitling him to monetary relief.  Instead, Plaintiff alleges only that he is owed "restitution" for "everything being stolen," "the stress of losing everything [he] own[s]," and "the stress of hiding from the sheriff[']s department."  ECF No. 1 at 3.  But this Court's jurisdiction expressly excludes claims sounding in tort, *see* 28 U.S.C. § 1491(a)(1), and such conclusory allegations do not satisfy the pleading standards of *Twombly* and *Iqbal*.  Plaintiff essentially pleads neither claims against the United States nor claims that fall within this Court's jurisdiction even if they were pled against the United States.  Accordingly, all claims against the federal government must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

Ultimately, Plaintiff's claims are not against the United States and, therefore, are beyond the scope of this Court's jurisdiction.  In addition, even if Plaintiff had raised claims against the United States, Plaintiff does not plausibly allege facts or identify any source of law that provides a legal remedy permitted by this Court.  Accordingly, the case is **DISMISSED** pursuant to RCFC 12(h)(3) for lack of subject-matter jurisdiction.  Furthermore, Plaintiff's motion to proceed *in forma pauperis* is **DENIED**.  The Clerk shall enter **JUDGMENT** accordingly.

**IT IS SO ORDERED**.

s/ Zachary N. Somers
ZACHARY N. SOMERS
Judge

4